## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **BILLY TYLER,** | ) CASE NO. 8:09CV184 |
| **Plaintiff,** | ) |
| v. | ) **MEMORANDUM** |
| | ) **AND ORDER** |
| **JOHN DOE, and OMAHA POLICE OFFICERS,** | ) |
| **Defendants.** | ) |

Plaintiff filed his Complaint in this matter on June 1, 2009. (Filing No. 1.) Also pending is Plaintiff's Motion for Temporary Restraining Order. (Filing No. 6.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I.    SUMMARY OF COMPLAINT

Plaintiff filed his Complaint on June 1, 2009, against John Doe and unknown "white" Omaha Police Officers. (Filing No. 1 at CM/ECF pp. 1-3.) Plaintiff is an African-American. (*Id*.)

Condensed and summarized, Plaintiff alleges that Defendants stopped his vehicle because he failed to signal before turning. (*Id*. at CM/ECF p. 2.) After the stop, Defendants "arrested and searched" Plaintiff because they discovered "prescription Tylenol" on "Evans," a passenger in the vehicle. (*Id*. at CM/ECF pp. 1-2.) During the search, Defendants discovered marijuana and ticketed Plaintiff for possession. (*Id*. at CM/ECF pp. 2-3.)

Plaintiff asks the court to declare his arrest illegal and to enjoin "further stops" and harassment by the police. (*Id*. at CM/ECF p. 5.) Plaintiff also seeks monetary damages in the amount of $1,000,000.00. (*Id.*)

## II.     APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. See 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967)*,* and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. See *Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.,* 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the

alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION OF CLAIMS

The court liberally construes Plaintiff's Complaint to allege that Defendants violated his Fourth and Fourteenth Amendment rights.

#### A. Illegal Search and Seizure Claim

The Fourth Amendment protects against unreasonable searches and seizures by the government. *United States v. Arvizu*, 534 U.S. 266, 273 (2002). It is well established that "stopping an automobile and detaining its occupants constitutes a 'seizure' within the meaning of [the Fourth and Fourteenth] Amendments, even though the purpose of the stop is limited and the resulting detention quite brief." *Delaware v. Prouse*, 440 U.S. 648, 653 (1979). "An automobile stop is thus subject to the constitutional imperative that it not be 'unreasonable' under the circumstances." *Whren v. United States*, 517 U.S. 806, 810 (1996). In determining the reasonableness of an automobile search or seizure, the Supreme Court has recognized that automobiles are inherently mobile, motorists have a lessened expectation of privacy when traveling on the public highways, and "[a]utomobiles, unlike homes, are subjected to pervasive and continuing governmental regulation and controls." *South Dakota v. Opperman*, 428 U.S. 364, 368 (1976); *see Cardwell v. Lewis*, 417 U.S. 583, 589-91 (1974).

Here, Plaintiff alleges that Defendants stopped his vehicle and illegally arrested him. (Filing No. 1.) However, he does not allege that Defendants arrested him without probable

3

cause or that his arrest was unreasonable under the circumstances. (*Id*.) Rather, Plaintiff alleges that Defendants pulled him over for failing to signal before turning and arrested him after discovering that a passenger in his car possessed "prescription Tylenol." (*Id*. at CM/ECF p. 2.) In short, Plaintiff's allegations only suggest that Defendants did have probable cause to detain him. However, on the court's own motion, Plaintiff shall have 30 days in which to amend his Complaint in order to allege facts sufficient to establish an illegal search and seizure claim against Defendants. Any amended complaint shall restate the allegations of Plaintiff's prior Complaint (filing no. 1), and any new allegations. Failure to consolidate all claims into one document will result in the abandonment of claims. If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, Plaintiff's illegal search and seizure claims against Defendants will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

    **B.    Equal Protection Claim**

It is also well established that officers may not selectively enforce laws on account of a person's race. *Whren,* 517 U.S. at 813. The constitutional basis to challenge the selective enforcement of the laws is the Equal Protection Clause. *Id*. However, to establish an equal protection claim a plaintiff must allege both discriminatory effect and discriminatory purpose. *Johnson v. Crooks,* 326 F.3d 995, 999 (8th Cir. 2003). "When the claim is selective enforcement of the traffic laws or a racially-motivated arrest, the plaintiff must normally prove that similarly situated individuals were not stopped or arrested in order to show the requisite discriminatory effect and purpose." *Johnson,* 326 F.3d at 1000; *see*

also *Chavez v. Ill. State Police*, 251 F.3d 612, 634-48 (7th Cir. 2001); *Gardenhire v. Schubert*, 205 F.3d 303, 319 (6th Cir. 2000).

Plaintiff here did not allege that similarly situated individuals were not stopped or arrested. Accordingly, Plaintiff has failed to allege sufficient facts to show the requisite discriminatory effect and purpose to establish an equal protection claim. However, like with Plaintiff's illegal search and seizure claim, the court will grant Plaintiff 30 days to amend his Complaint in order to allege facts sufficient to establish an equal protection claim against Defendants. Again, any amended complaint shall restate the allegations of Plaintiff's prior Complaint (filing no. 1), and any new allegations. Failure to consolidate all claims into one document will result in the abandonment of claims. If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, Plaintiff's equal protection claims against Defendants will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### IV. PLAINTIFF'S MOTION

Plaintiff also filed a Motion for Temporary Restraining Order. (Filing No. 6.) In his Motion, Plaintiff alleges that he has been systematically stopped "by Omaha Police at least 20 times since" April 1, 2009, and that he is receiving text messages from Defendants threatening to arrest him. (*Id*. at CM/ECF pp. 1, 4.) However, Plaintiff does not request any relief. (*Id.* at CM/ECF p. 3.)

The standards set forth by *Dataphase Sys., Inc. v. C.L. Sys., Inc.*, 640 F.2d 109 (8th Cir. 1981), apply to Plaintiffs' Motion. In *Dataphase*, the court, sitting *en banc*, clarified the

factors district courts should consider when determining whether to grant a motion for preliminary injunctive relief:

> (1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest.

Id. at 114. "No single factor in itself is dispositive; rather, each factor must be considered to determine whether the balance of equities weighs toward granting the injunction." United Indus. Corp. v. Clorox Co., 140 F.3d 1175, 1179 (8th Cir. 1998).

> At base, the question is whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined. . . .
>
> . . . .
>
> [W]here the balance of other factors tips decidedly toward movant a preliminary injunction may issue if movant has raised questions so serious and difficult as to call for more deliberate investigation.

Dataphase, 640 F.2d at 113.

Here, Plaintiff did not allege that there is a threat of irreparable harm, or for that matter, facts sufficient to succeed on the merits. He also failed to make a request for relief. Consequently, the court finds that the *Dataphase* factors do not favor the Plaintiff to a degree sufficient to warrant issuance of preliminary injunctive relief at this time.

IT IS THEREFORE ORDERED that:

1.    Plaintiff's Motion for Temporary Restraining Order (filing no. 6) is denied;

2.    Plaintiff shall have until **September 11, 2009**, to amend his Complaint to properly allege a claim against Defendants in accordance with this Memorandum and Order. If Plaintiff fails to file an amended complaint, Plaintiff's Complaint will be dismissed without further notice for failure to state a claim upon which relief may be granted;

3. In the event that Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the current Complaint (filing no. 1), and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims;

4. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: Check for amended complaint on **September 11, 2009**; and

5. Plaintiff shall keep the court informed of his current address at all times while this case is pending. **Failure to do so may result in dismissal without further notice.**

DATED this 12th day of August, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.